# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CLARENCE FUENTES | § | |
| | § | |
| v. | § | Case No. 4:11cv581 |
| | § | (Judge Mazzant) |
| KRYPTON SOLUTIONS, LLC | § | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant's Traditional and No-evidence Motion for Summary Judgment (Dkt. #25). Having considered the motion, and all relevant pleadings, the Court finds that the motion should be granted.

### Background

Plaintiff, Clarence Fuentes, began his employment at Defendant Krypton Solutions in July of 2008. Plaintiff worked in quality control while at Defendant, and his job duties included: reviewing engineering documents, visually inspecting computer boards, and delivering the computer boards for retesting or shipping. Plaintiff was diagnosed with diabetes by Dr. David Carlson in July of 2009. After Plaintiff's initial diagnosis and treatment, Plaintiff's doctors contend that Plaintiff's diabetes was well controlled. On repeated occasions, Plaintiff requested and was granted time off by Defendant. In the year 2010 alone, Plaintiff missed in excess of 40 work days at Defendant. Plaintiff's doctor, Dr. David Carlson, provided numerous work excuse notes to Plaintiff in 2010, all for acute medical conditions other than diabetes. Prior to any termination, Plaintiff and management of Defendant had a meeting regarding his excessive absences. Plaintiff was terminated on September 17, 2010, for repeated tardiness and excessive absences. Plaintiff filed his Original Complaint on September 9, 2011. Plaintiff's complaint alleges violations of Section 102(b)(5)(A)

of the Americans with Disabilities Act ("ADA").

On January 14, 2013, Defendant filed its motion (Dkt. #25). On January 31, 2013, Plaintiff filed a response (Dkt. #26). On February 11, 2013, Defendant filed a reply.

Defendant moves for summary judgment on the following grounds: (1) Defendant has shown that Plaintiff does not suffer from a disability as defined by the ADA; (2) Defendant has shown that Plaintiff was not a qualified individual; (3) Defendant has shown that Plaintiff was not able to perform the essential functions of his job; (4) Defendant has shown that Plaintiff was not replaced by a non-disabled employee; and (5) Defendant has shown that Plaintiff did not request any accommodations from it, and even if so, that Defendant never denied a request for a reasonable accommodation. Defendant also filed a no-evidence motion for summary judgment on essentially the same grounds.

**Summary Judgment Standard**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which

facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

**Analysis**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to ... discharge of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "A plaintiff may establish a claim of disability discrimination by presenting direct evidence of discrimination." *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 162 (5th Cir. 1996). Absent direct evidence of discriminatory intent, as is typically the case, proof via circumstantial evidence may be utilized, using the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Taylor*, 93 F.3d at 162; *see also Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). Under the *McDonnell Douglas* analysis, Plaintiff

3

must first establish a prima facie case of unlawful disability discrimination. *Taylor*, 93 F.3d at 162; *see also Gowesky v. Singing River Hosp. Systems*, 321 F.3d 503, 511 (5th Cir. 2003). "Once the plaintiff makes his prima facie showing, the burden then shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the adverse employment action." *Gowesky*, 321 F3d at 511 (quoting *McInnis v. Alamo Community College Dist.*, 207 F.3d 276, 279–80 (5th Cir. 2000)). If the employer successfully articulates a legitimate non-discriminatory reason for the adverse employment action, "the burden then shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination." *Id.*

To establish prima facie discrimination under the ADA, Plaintiff must show (1) that he has a disability; (2) that he was qualified for the position; and (3) that he was subject to an adverse employment decision due to his disability. *Hammond v. Jacobs Field Services*, No. 12-30222, 2012 WL 6033078, at *3 (5th Cir. 2012); *Dupre v. Charter Behavioral Health Systems of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir. 2001); *Zenor v. El Paso Healthcare System, Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999). "Disability" is defined in the ADA as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Although a plaintiff's disability need not be the sole cause of any adverse employment decision under the ADA, the disability "must actually play a role in the employer's decision making process and have a determinative influence on the outcome." *Pinkerton v. Spellings*, 529 F.3d 513, 517–19 (5th Cir. 2008).

4

Defendant first moves for summary judgment asserting that Plaintiff does not have a disability. However, Plaintiff's response correctly indicates that Defendant failed to move for summary judgment on either the issue of perceived disability or a record of a disability. This defeats Defendant's motion as to this element.

Defendant next asserts that Plaintiff is not a qualified individual under the ADA. The ADA defines a "qualified individual" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." 42 U.S.C. § 12111(8).

Defendant asserts that Plaintiff is not eligible for ADA protection in this suit because he was not a qualified individual, because it is undisputed that attendance was an essential function of the Plaintiff's position with Defendant.

Plaintiff disputes that attendance at Defendant's facility was required to perform his duties. Plaintiff asserts that he was qualified for his job position and that Defendant admits that he performed his job duties satisfactorily. Plaintiff argues that the fact that he was still able to perform his job duties despite his medical absences prior to his termination suggests otherwise. Plaintiff asserts that there is no evidence that he was behind on his work or that his absences caused any negative consequences or undue hardship on the Defendant.

Plaintiff worked in quality control for Defendant, inspecting computer boards, and has

testified that his work at Defendant required him to perform the following tasks: retrieve paperwork from engineers at Defendant's facility; review the engineers' records to make sure they are correct; deliver records to other personnel of Defendant; visually inspect computer boards; inspect/test computer boards with equipment at Defendant's facility; interact with other personnel of Defendant; and deliver computer boards for testing or shipping.

Defendant cites the following testimony from Plaintiff:

Q: How can you visibly inspect the boards if you're not there?

A: You can't.

Q: Okay. How can you review paperwork and discuss the paperwork with the engineers if you're not there?

A: You can't.

Q: How can you pass the boards off to testing, shipping or rework if you're not there?

A: You can't.

Q: All of those items we talked about that were part of your job, correct?

A: What items?

Q: Reviewing of paperwork with engineers.

A: That was part of it, yes.

Q: That was a required and essential part of it, correct?

A: Correct.

Q: The inspection, that was a required, essential part of your work, correct?

A: Correct.

Q: The reviewing of the paperwork and passing it off to testing, rework or shipping, that was a required, essential part of your work, correct?

A: Correct.

Plaintiff was absent from work at Defendant, in 2010 alone, well over forty working days.

To be a "qualified" individual with a disability, Plaintiff must be "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.. § 12111(8). The relevant regulation further defines a "qualified individual with a disability" as "an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position and ... can perform the essential functions of such position." 29 C.F.R. § 1630.2(m).

Defendant asserts that because Plaintiff failed to perform an essential function of his job, i.e, regular attendance, he is not qualified. It is well established that the ADA does not require an employer to reassign an employee where doing so would result in other employees having to work harder or longer. *Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999) ("The ADA does not require an employer to relieve an employee of any essential functions of his or her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so."). "[R]egular attendance is an essential function of most jobs." *Hypes v. First Commerce Corp.*, 134 F.3d 721, 727 (5th Cir. 1998).

The evidence establishes that Plaintiff was unable to come to work at the time of the adverse employment action. Plaintiff was only "qualified" if he could do the job with reasonable

accommodation. Plaintiff was aware that Defendant's handbook provided that his presence at work was an essential function of his position. Plaintiff was not able to come to work. Indefinite leave is not a reasonable accommodation. *Amsel v. Texas Water Development Bd.,* 464 F. App'x 395, 400 (5th Cir. 2012) (citing *Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 860 n.3 (5th Cir. 2010); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759–60 (5th Cir. 1996)). Plaintiff focuses on his qualifications during his tenure with Defendant. However, the question here is whether he was qualified at the time he was terminated. The summary judgment evidence shows that he was not "qualified" for his job at the time of his dismissal because he could not perform the job's essential functions.

Plaintiff also asserts that Defendant did not make a reasonable accommodation. Another form of discrimination under the ADA is "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee...." 42 U.S.C.A. § 12111(5)(A). To state a prima facie claim for discrimination based on an employer's failure to accommodate a disability, Plaintiff must show: "(1) the employer is covered by the statute; (2) [he] is an individual with a disability; (3) [he] can perform the essential functions of the job with or without reasonable accommodations; and (4) the employer had notice of the disability and failed to provide accommodation." *Bridges v. Dept. of Social Servs.*, 254 F.3d 71 (5th Cir. 2001); *see also Mzyk v. North East Ind. School Dist.*, 397 F. App'x 13, 15, n.3 (5th Cir. 2010).

Under the ADA, it is unlawful for an employer to fail to accommodate the known limitations

of an employee's disability. "An employee who needs an accommodation because of a disability has the responsibility of informing her employer." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009). "When a qualified individual with a disability requests a reasonable accommodation, the employer and employee should engage in flexible, interactive discussions to determine the appropriate accommodation." *E.E.O.C. v. Agro Distrib*., 555 F.3d 462, 471 (5th Cir. 2009). Once the employee identifies his or her disability and resulting limitations, and suggests a reasonable accommodation, "the employer is obligated by law to engage in an 'interactive process': 'a meaningful dialogue with the employee to find the best means of accommodating that disability.'" *Chevron Phillips Chemical Co.,* 570 F.3d at 621 (quoting *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 108 (1st Cir. 2005)); *see also Picard v. St. Tammany Parish Hosp.*, 423 F. App'x 467, 470 (5th Cir. 2011). "The process thus requires 'communication and good-faith exploration.'" *Id.* (citation omitted). "[T]he responsibility for the interactive process is shared." *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999). "When an employer does not engage in a good faith interactive process, that employer violates the ADA ...." *Id*. However, when responsibility for the breakdown of the "informal, interactive process" is traceable to the employee, the employer has not violated the A.D.A. *Loulseged*, 178 F.3d at 736. "[T]here may be some situations in which the reasonable accommodation is so obvious that a solution may be developed without either party consciously participating in an interactive process." *Id.* Accordingly, "the process must thus be viewed on a case-by-case basis." *Id.*

The Court has already determined that there is no fact issue whether Plaintiff was qualified

for his position. In addition, Defendant asserts that other than time off, which was granted by Defendant on repeated occasions, Plaintiff never asked for any accommodation. Plaintiff responds that Defendant fails to acknowledge that Plaintiff provided adequate information to trigger the interactive process regarding reasonable accommodations. Plaintiff argues he shared his concerns about being terminated with his supervisors, the plant manager, and one of the owners. Plaintiff argues that no possible accommodation was offered, and he was terminated shortly thereafter.

In its reply, Defendant points out that there are no facts presented in this case that supports Plaintiff's position. Plaintiff admits in his deposition that he never requested an accommodation other than asking for medical leave, which was granted. In addition, Defendant was not required to change an essential job function in order to accommodate Plaintiff.

Therefore, Plaintiff has failed to establish key elements of his prima facie case and he has failed to offer any evidence of direct discrimination.

It is therefore ORDERED that Defendant's Traditional and No-evidence Motion for Summary Judgment (Dkt. #25) is hereby GRANTED.

**SIGNED this 4th day of April, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE